IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dexter Randolph, ) | C/A No.: 1:11-3279-RMG-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Orangeburg Calhoun Regional ) | |
| Detention Center; Willie Bamberg, ) | |
| Director; and Mr. Govan, Captain, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a detainee incarcerated at the Orangeburg Calhoun Regional Detention Center and brings this action alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that he was supposed to be released by November 27, 2011, but claims that jail officials have misjudged him and wrongfully removed him from a work release program, which has caused him to be incarcerated for longer. Compl. at pp. 3–4 [Entry #1]. He alleges that, for eighty-five days, he was in a work release program where he was permitted to leave the jail to work, and upon returning to jail, he would wash and help in the kitchen. *Id.* at p. 3. Plaintiff alleges that upon arrival at the jail after work

each day he was stripped of all clothes to ensure that he was not bringing in contraband. *Id.* He alleges that persons inside the jail would request he bring items to them, but he refused because he wanted to get out of jail soon to reunite with his children. *Id.* Plaintiff alleges that two weeks prior to his release date he was wrongfully accused of bringing in cigars. *Id.* He alleges he was taken before defendant Govan, who stated that he did not have any evidence, but that Plaintiff would no longer be allowed to participate in a work release program. *Id.* Plaintiff alleges that now he has spent more days in the detention center because "they give me no justice, just put me in the back and forget about me." *Id.* at p. 4. For his relief, Plaintiff requests that something be done to the people who misjudged him, and he seeks justice for his pain and suffering. *Id.* at pp. 4–5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity may be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements to state a cognizable claim: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). It is well-settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Defendant Orangeburg Calhoun Regional Detention Center is a department, group of buildings, or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No.

8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center is not amenable to suit under § 1983). Thus, it is recommended that Defendant Orangeburg Calhoun Regional Detention Center be dismissed.

With respect to the remaining defendants, the Complaint fails to state a claim on which relief may be granted because it is based on a meritless legal theory. Plaintiff's claim that defendant Govan wrongfully removed him from a work release program without any evidence of his smuggling contraband does not allege a constitutional violation. When a prisoner is denied permission to leave jail in order to work, that is an ordinary incident of prison life and the United States Constitution is not violated. *See Kitchen v. Upshaw*, 286 F.3d 179, 186-89 (4th Cir. 2002); *Smith v. Miller*, No. 9:07-1774-HFF-GCK, 2008 WL 2433828, at *7 (D.S.C. June 16, 2008), *aff'd*, 296 F. App'x 360 (4th Cir. 2008). Similarly, the United States Constitution is not offended if a prisoner is permitted to participate in a work release program and is subsequently removed from the program. *Kitchen*, 286 F.3d at 186-89. Thus, Plaintiff's allegations fail to state a cognizable claim pursuant to § 1983.

Plaintiff also fails to state a claim on which relief may be granted because he makes no allegations of misconduct against Director Willie Bamberg. The only allegation related to Bamberg is that he is the director of the detention center. Although the court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). *Cf. Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Even if the Complaint could be construed such that Plaintiff intends to sue Bamberg because he is a supervisor or manager of a person who committed misconduct, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.").

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

January 13, 2012                                     Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).