IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dexter Randolph, ) | |
| ) | Civil Action No.: 1:11-3279-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Orangeburg Calhoun Regional ) | |
| Detention Center; Willie Bamberg, ) | |
| Director; Mr. Govan, Captain, ) | |
| ) | |
| Defendants. ) | |

In this case, Petitioner, proceeding *pro se* and *in forma pauperis*, alleges violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d)&(e), DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On January 13, 2012, the Magistrate issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process based on Plaintiff's failure to state a claim upon which relief may be granted. (Dkt. No. 16). The Magistrate instructed Plaintiff of the deadline for filing objections to the Report and Recommendation and the serious consequences for failing to do so. (*Id.* at 6). Despite the Magistrate's clear instructions, Plaintiff failed to file any objections to the Report and Recommendation. As explained herein, the Court adopts the Magistrate's Report and Recommendation and dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

**Law/Analysis**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this

Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, the Plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Upon reviewing the record, this Court agrees with, and wholly adopts, the findings and recommendations of the Magistrate Judge. Plaintiff's allegations do not come close to stating a constitutional claim. Plaintiff alleges that he was removed from a work release program 27 days before he was to be released from prison. (Dkt. No. 1 at 3-4). Plaintiff also alleges: "They give me no justice, just put me in the back and forget about me." (*Id.* at 4). Further, Plaintiff makes the unsupported allegation that "[t]hey never answer requests or grievance." (*Id.*). In short, while it is unclear who or what Plaintiff is referring to in many of his allegations, it is clear that Plaintiff has not alleged a constitutional violation. For all of the reasons set forth in the Magistrate's Report and Recommendation, Plaintiff's Complaint is **dismissed** without prejudice and without issuance or service of process.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

February 6, 2012
Charleston, South Carolina